# the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 17, 2022

| | |
|---|---|
| * * * * * * * * * * * * *  <br>JENNIFER BANCROFT, * <br>*on behalf of A.B.,* * <br> * <br>            Petitioner, * <br>v. * <br> * <br>SECRETARY OF HEALTH * <br>AND HUMAN SERVICES, * <br> * <br>            Respondent. * <br>* * * * * * * * * * * * * | Unpublished <br><br><br>No. 20-622V <br><br>Special Master Gowen <br><br>Dismissal Decision; <br>Insufficient Proof. |

*Mark Theodore Sadaka,* Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner.
*Katherine Carr Esposito,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DISMISSAL DECISION[1]

On May 19, 2020, Jennifer Bancroft ("petitioner") on behalf of A.B., filed a petitioner pursuant to the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of A.B. receiving the human papillomavirus vaccine ("HPV" or "Gardasil") on August 23, 2017, A.B. suffered from chronic headaches, Postural Orthostatic Tachycardia Syndrome ("POTS"), and mast cell disease that were either "caused-in-fact" by the above-stated vaccinations or, in the alternative, significantly aggravated by the above-stated vaccination. *Id*. The information in the record does not establish entitlement to compensation.

Petitioner filed medical records on July 31, 2020. Petitioner's ("Pet.") Exhibits ("Ex.") 1-21 (ECF Nos. 7-12). After petitioner filed her affidavit and additional medical records, the case was reassigned to my docket on September 8, 2021. Notice of Reassignment (ECF No. 26).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id*. **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id*.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On December 13, 2021, respondent filed a status report indicating that he intended to defend the case and proposed deadlines to submit his Rule 4(c) report. Respondent's ("Resp.") Status Report ("Rept.") (ECF No. 29). Respondent submitted the Rule 4(c) report on January 12, 2022, stating that the Division of Injury Compensation Programs at the Department of Health and Human Services reviewed petitioner's case and it was their opinion that their case "is not appropriate for compensation." Resp. Rept. at 2.

The same day I ordered petitioner to file an expert report and remaining medical records. Scheduling Order, NON-PDF, January 12, 2022 (ECF No. 31). Petitioner filed one updated medical record on February 11, 2022. Pet. Ex. 5 (ECF No. 32). Afterwards, petitioner filed four unopposed motions for extension of time to file an expert report. *See* Pet.'s Motions for Extensions of Time (ECF Nos. 34, 35, 36).

On November 14, 2022, petitioner filed a motion for a decision dismissing the petition. Pet. Motion ("Mot."). Petitioner understands "that a decision by the Special Master dismissing her petition will result in judgment against her. *Id.* at 1. Further, petitioner has been advised that such judgment will end all of her rights in the Vaccine Program." *Id*. Additionally, petitioner understands that she may apply for attorneys' fees and costs once her case is dismissed and that respondent reserves the right, pursuant to 42 U.S.C. § 300aa-15(e) to question good faith and reasonable basis of her claim. *Id.* Petitioner states that she "does intend to protect her rights to file a civil action in the future. Therefore, pursuant to 42 U.S.C. § 300aa-12(a)(2), she intends to reject the Vaccine Program judgment against her and elect to file a civil action." *Id.* at 2.

To received compensation in the Vaccine Program, petitioners have the burden of proving either: (1) that the vaccinee suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table or (2) that the vaccinee suffered an injury that was caused-in-fact by a covered vaccine. §§13(a)(1)(A); 11(c)(1). Here, petitioner is not alleging a Table Injury, and therefore, must demonstrate that the covered vaccine she received caused A.B.'s alleged vaccine-related injury. To satisfy her burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). Under the Act, petitioners may not be given a Program award based on the petitioners' claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, petitioner did not offer an opinion from a medical expert to support vaccine causation. Thus, the information in the record is insufficient to justify an award of compensation. Accordingly, in light of petitioner's motion for a decision dismissing her petition, a further investigation is unwarranted. As such, the petition is hereby **DISMISSED.**

Petitioner's Motion for Decision Dismissing the petition is **GRANTED** and the petition is hereby **DISMISSED. The Clerk of the Court shall enter judgment accordingly.**[3]

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master
