# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 10, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| JENNIFER BANCROFT, * | | |
| *on behalf of A.B.,* * | | |
| * | | |
| Petitioner, * | No. 20-622 | |
| * | | |
| v. * | Special Master Gowen | |
| * | | |
| SECRETARY OF HEALTH * | Final Attorneys Fees' and Costs. | |
| AND HUMAN SERVICES, * | | |
| * | | |
| Respondent. * | | |
| * * * * * * * * * * * * | | |

*Mark Theodore Sadaka,* Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner.
*Katherine Carr Esposito,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 12, 2022, Jennifer Bancroft on behalf of minor child, A.B., ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorneys' Fees ("Fees App.") (ECF No. 41). For the reasons discussed below, the undersigned **GRANTS** petitioner's motion for final attorneys' fees and costs and awards a total of **$33,164.68.**

### I. Procedural History

On May 19, 2020, petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of receiving the Gardasil (HPV Vaccine 9 Valent) vaccine on August 23, 2017, she suffered vaccine-induced chronic headaches, POTS, and mast cell disease that were either "caused-in-fact" by the above-stated

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id*. If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes. *Id*.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

vaccination(s) or, in the alternative, significantly aggravated by the above-stated vaccinations. Petition (ECF No. 1).

Petitioner filed medical records throughout 2020 and 2021, and an affidavit from Ms. Jennifer Bancroft. Petitioner's Exhibit ("Pet. Ex.") 1-24 (ECF Nos. 1, 7-12, 23, 32); Pet. Affidavit (ECF No. 20). The case was initially in PAR and transferred to my docket on November 8, 2021. *See* Notice of Reassignment (ECF No. 26). On December 13, 2021, respondent filed an initial status report on respondent's review of the case. (ECF No. 29). The status report indicated that following the DICP review of the case, respondent intended to defend the case and proposed filing a Rule 4(c) report. *Id*. On January 12, 2022, respondent filed a Rule 4(c) report containing a factual summary of the submitted medical records and argued that "petitioner cannot establish that A.B. actually had any of the injuries alleged, and, even if she could, she cannot establish that any of those conditions were caused or significantly aggravated by her HPV or hepatitis A vaccinations." Respondent's Report ("Resp. Rep.") at 25-26. Further, respondent argued that "petitioner had not proffered a medical theory sufficient to establish a logical cause and effect relationship between A.B.'s HPV vaccination and her alleged injuries." *Id*. at 33.

Petitioner was ordered to file additional medical records and an expert report on January 12, 2022. (ECF No. 31). Following five motions for extension of time to file an expert report, petitioner filed an unopposed motion to dismiss the case. *See* Motion ("Mot.") to Dismiss (ECF No. 37). Petitioner states that she understands "that a decision by the Special Master dismissing her petitioner will result in judgment against her. Petitioner has been advised that such judgment will end all of her rights in the Vaccine Program." *Id*. at 1. Further, petitioner states that she "does intend to protect her rights to file a civil action in the future. Therefore, pursuant to 42 U.S.C. § 300aa-12(a)(2), she intends to reject the Vaccine Program judgment against her and elect to file a civil action." *Id*. at 2.

On November 17, 2022, I authored a Dismissal Decision, granting petitioner's motion to dismiss. Dismissal Decision (ECF No. 38). On December 12, 2022, petitioner filed a motion for attorneys' fees and costs. Fees App. (ECF No. 41). Petitioner requests compensation for her attorney Mr. Mark Sadaka and paralegals Ms. Michele Curry and Ms. Andrea Hayles in the total amount of $32,049.11 and $1,115.57 in attorneys' costs, for a total of $33,164.68. Fees App. Ex. A. Respondent filed a response to petitioner's motion the same day stating, "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp. Response at 2 (ECF No. 43). Respondent, stating that he "no longer has sufficient resources to provide detailed objections to requests for attorneys' fees and costs," requests that the Court "exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 3. Petitioner filed a reply on December 20, 2022. Pet. Reply (ECF No. 44).

## II.   Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner timely dismissed the case in order not to waste the resources of the court in further proceedings and to protect her

2

rights to file a civil action in the future. I find that petitioner had a reasonable basis to bring this claim up to the point that she requested a timely dismissal and therefore she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a. Hourly rate

Petitioner requests that attorney Mr. Sadaka and paralegals Ms. Curry and Ms. Hayles be reimbursed at the following hourly rates for the five years he was counsel in this matter:

| Year | Mr. Sadaka | Ms. Curry | Ms. Hayles |
|---|---|---|---|
| 2018 | $396.00 | $150.55 | N/A |
| 2019 | $405.00 | $156.00 | N/A |
| 2020 | $422.00 | $163.00 | N/A |
| 2021 | $444.00 | $172.00 | N/A |
| 2022 | $458.00 | $177.00 | $177.00 |

The hourly rates petitioner is requesting for Mr. Sadaka, Ms. Curry, and Ms. Hyles is consistent with the hourly rates Mr. Sadaka has previously been awarded. The rates requested are consistent with what counsel has previously been awarded for his Vaccine Program work, and the undersigned finds them to be reasonable herein.

### b. Hours expended

Upon review of the submitted billing statement, I find the overall hours spent on this matter appear to be reasonable. The billing entries appear to accurately reflect the work that was performed, and the amount of time spent on each task was adequately documented. Additionally, respondent has not identified any particular entries as being objectionable, and upon review, I do not find any objectionable entries either. Accordingly, petitioner is entitled to $32,049.11 in attorneys' fees.

### c. Attorneys' costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request a total of $1,115.57 in attorneys' costs. These costs include obtaining petitioner's medical records, the filing fee, and postage. Such costs are routinely reimbursed, and petitioner has provided

adequate documentation for those costs, and all appear to be reasonable. Accordingly, petitioner is entitled to the full amount of costs sought.

### III.   Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

>   **Accordingly, I award the following:**
>
>   1) **A lump sum in the amount of $33,164.68, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Mr. Mark Sadaka.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).